IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WALTER RAYFIELD MCGLOTHIN,
      Plaintiff,

vs.                          Case No.: 3:18cv1435/MCR/EMT

OKALOOSA COUNTY BOARD OF
COUNTY COMMISSIONERS, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Walter Rayfield McGlothin ("McGlothin"), a pre-trial detainee of the Okaloosa County Department of Corrections, is proceeding pro se and in forma pauperis in this civil rights action. The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Upon screening the Complaint (ECF No. 1), it is the opinion of the undersigned that this action should be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.  MCGLOTHIN'S ALLEGATIONS AND CLAIMS

McGlothin names four Defendants in this case:  (1) the Okaloosa Board of County Commissioners, (2) Stefan W. Vaughn, Chief Correctional Officer/Director of the Okaloosa Department of Corrections ("Jail"), (3) Correctional Officer Blacknall, and (4) Captain Hanratty (*see* ECF No. 1 at 1–3).[1]  McGlothin alleges he was arrested on February 1, 2018, and booked into the Jail on February 2, 2018 (*id.* at 6).  McGlothin alleges on February 3, 2018, Defendant Officer Blacknall summoned him to go to a first appearance in his (McGlothin's) criminal case (*id.*). McGlothin alleges there is a urinal in the location where the first appearance was held (*id.*).  He alleges he used the urinal "out of site of everyone," and upon his return, he was told to return to his cell "without seeing a magistrate" (*id.*).  McGlothin alleges he filed an administrative grievance, and Defendant Captain Hanratty responded that McGlothin was removed from the proceeding because he was disruptive (*id.*). McGlothin alleges Hanratty informed him that the presiding judicial officer revoked McGlothin's initial bond and re-set it at $9,000 based upon new criminal charges (*id.*). McGlothin alleges he filed additional administrative grievances to determine the nature of his allegedly disruptive behavior, but he has not received a response (*id.*).

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system rather than the page numbers of the original document.

Case No.: 3:18cv1435/MCR/EMT

McGlothin alleges he has been arrested many times, but has never been deemed disruptive to the degree that he was not allowed to participate in the first appearance (*id.*).  McGlothin claims that Defendants violated his due process rights guaranteed by the Fourteenth Amendment (*id.* at 8).  He seeks monetary relief for mental anguish and loss of income (*id.*).

## II.    DISCUSSION

The court is statutorily required to review McGlothin's Complaint to determine whether this action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679.

The Florida Rules of Criminal Procedure require that every arrested person be taken before a judicial officer, either in person or by an electronic audiovisual device

in the discretion of the court, within 24 hours of arrest.  *See* Fla. R. Crim. P. 3.130(a).

Here, McGlothin's allegations do not suggest that any Defendant prevented him from

participating in his first appearance, or interfered with his ability to do so.  McGlothin

admits he voluntarily left the area where the proceedings were being held.  The fact

that the presiding judicial officer conducted the first appearance in McGlothin's

absence does not suggest unconstitutional conduct on the part of any Defendant.

Therefore, McGlothin's allegations fail to state a plausible due process claim.

Additionally, McGlothin's claims for compensatory damages for mental

anguish is barred by 42 U.S.C. § 1997e(e).  In an action pursuant to 42 U.S.C. § 1983,

a plaintiff may recover damages for monetary loss, physical pain and suffering, mental

and emotional distress, impairment of reputation, and personal humiliation.  Slicker

v. Jackson, 215 F.3d 1225, 1231 (11th Cir. 2000).  However, under 42 U.S.C. §

1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail,

prison, or other correctional facility, for mental or emotional injury suffered while in

custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  Section

1997e(e) does not define physical injury, but the Eleventh Circuit has concluded that

in order to satisfy the statute "the physical injury must be more than de minimis, but

need not be significant." Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999),

*vacated, in part, on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc).

Here, McGlothin does not allege, nor can he plausibly show, he suffered any

physical injury as a result of the alleged due process violation.  Therefore, he may not

recover compensatory or punitive damages for mental anguish he allegedly suffered

as a result of his not participating in his first appearance.

Additionally, although § 1997e(e) does not affect the availability of declaratory

or injunctive relief, *see* Harris, 190 F.3d at 1288, this court should abstain from

granting such relief in this case.  Pursuant to Younger v. Harris, 401 U.S. 37, 91 S. Ct.

746, 27 L. Ed. 2d 669 (1971) and Samuels v. Mackell, 401 U.S. 66, 91 S. Ct. 764, 27

L. Ed. 2d 688 (1971), federal courts should abstain from granting injunctive or

declaratory relief affecting a state criminal prosecution absent a showing of:  (1)

evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by

the federal court, or (3) the absence of an adequate alternative state forum where the

constitutional issues can be raised.  Hughes v. Attorney Gen. of Fla., 377 F.3d 1258,

1263 (11th Cir. 2004) (citing Younger, 401 U.S. at 45, 53–54).  Subsequent decisions

have refined Younger to state that the exceptions occur only when the prosecution is

brought expressly to harass the defendant or otherwise in bad faith, or when the statute

under which the defendant is charged is clearly and flagrantly unconstitutional.  *See*

Trainor v. Hernandez, 431 U.S. 434, 447, 97 S. Ct. 1911, 52 L. Ed. 2d 486 (1977);

Huffman v. Pursue, Ltd., 420 U.S. 592, 611, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975);

The News-Journal Corp. v. Foxman, 939 F.2d 1499, 1507–09 (11th Cir. 1991);

Redner v. Citrus Cnty., 919 F.2d 646, 650 (11th Cir. 1990).

Furthermore, irreparable injury does not include injury which is incidental to

every prosecution brought lawfully and in good faith.  *See* Kugler v. Helfant, 421 U.S.

117, 123–25, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975) (citing Younger, 401 U.S. at 46).

Irreparable injury exists if the statute under which a defendant is being prosecuted is

"flagrantly and patently violative of express constitutional prohibitions in every

clause, sentence and paragraph, and in whatever manner and against whomever an

effort might be made to apply it" or if unusual circumstances exist that would call for

equitable relief.  Younger, 401 U.S. at 53–54 (citing Watson v. Buck, 313 U.S. 387,

402, 61 S. Ct. 962, 85 L. Ed. 1416 (1941)).  The Eleventh Circuit has emphasized the

narrowness of the irreparable injury exception to the Younger doctrine.  *See, e.g.*,

Butler v. Ala. Inquiry Comm'n, 245 F.3d 1257, 1265 (11th Cir. 2001) ("Also, while

we today make no decision about the constitutionality of Alabama's judicial canons,

we doubt that Canon 7(B)(2) patently or fragrantly violates the Constitution 'in every

clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'") (citation omitted); <u>Kolski v. Watkins</u>, 544 F.2d 762, 766 (5th Cir. 1977) ("The statute in this case, challenged as facially unconstitutional by the Petitioner, is certainly of questionable validity.  But we certainly cannot say at this stage that this statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'  As in <u>Younger</u>, 'the possible unconstitutionality of a statute "on its face" does not in itself justify an injunction against good-faith attempts to enforce it . . . '") (citations omitted).[2]

Here, resolving McGlothin's due process claim (i.e., that Defendants allegedly deprived him of his right to participate in a pre-trial hearing) would significantly interfere with the pending state criminal proceeding.  Furthermore, none of the exceptions to the <u>Younger</u> doctrine appear to apply.  Moreover, there is an adequate state forum in which McGlothin may present his due process claim. Therefore,

---

[2] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

McGlothin's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## III.    DISMISSAL IS APPROPRIATE

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005).  However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

Amendment would be futile in this instance, because the facts as alleged in the Complaint, viewed in a light most favorable to McGlothin, could not be stated in any fashion so as to show that he is entitled to relief.  Therefore, the court may dismiss this case without providing opportunity for amendment.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.    That this action be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted, pursuant to and 28 U.S.C. § 1915(e)(2)(B)(ii); and

2.      That the clerk be directed to enter judgment accordingly and close the

case.

At Pensacola, Florida, this 10<u>th</u> day of July 2018.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**